Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C. (2023 NY Slip Op 05094)

Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C.

2023 NY Slip Op 05094

Decided on October 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Index No. 650424/16 Appeal No. 749 Case No. 2022-03570 

[*1]In the Matter of Country-Wide Insurance Company, Petitioner-Respondent,
v
Bay Needle Care Acupuncture, P.C., as Asignee of Solange Thornhill, Respondent-Appellant.

Gary Tsirelman, P.C., Brooklyn (Gary Tsirelman of counsel), for appellant.
Jaffe & Velazquez, LLP, New York (Thomas Torto of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 3, 2022, which denied respondent Bay Needle Care Acupuncture, P.C.'s motion for attorney's fees, unanimously affirmed, with costs.
Supreme Court properly denied Bay Needle's motion seeking additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4), because Bay Needle failed to provide any explanation for the lengthy delay in moving for such relief and failed to submit any proof of the fees incurred. Previously, in a "Decision, Order and Judgment," dated November 28, 2016 and filed with the Clerk on December 5, 2016, Supreme Court (Kathryn E. Freed, J.) denied petitioner Country-Wide Insurance Company's petition to vacate a master arbitration no-fault award dated December 28, 2015, dismissed the proceeding, and confirmed the awards of the lower arbitrator and master arbitrator which were rendered in favor of Bay Needle. Approximately five and a half years later, Bay Needle moved for additional attorney's fees of $2,000 incurred in opposing Country-Wide's petition.
To the extent Bay Needle argues that it timely sought to submit a proposed judgment within the 60-day period prescribed by 22 NYCRR 202.48, it was rejected by the County Clerk and returned for correction. Bay Needle provided no explanation for its failure to submit a corrected judgment, or otherwise timely move for additional attorney's fees after issuance of the 2016 Decision, Order, and Judgment. Thus, Bay Needle effectively abandoned its claim.
Moreover, the amount of attorney's fees awarded pursuant to 11 NYCRR 65-4.10(j)(4) is left to the court's discretion (see Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 162 AD3d 407, 408 [1st Dept 2018]). Here, the court properly exercised its discretion by not awarding additional fees of $2,000 in a case involving a no-fault claim of $2,100, which was resolved six years prior, and where Bay Needle's counsel failed to provide contemporaneous documentation of the fees incurred.
We have considered Bay Needle's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2023